OPINION OF THE JUSTICES OF THE SUPREME JUDICIAL COURT, IN
ANSWER TO CERTAIN QUESTIONS, TOUCHING THE ALTERATION
OF THE BOUNDARY LINES OF COUNTIES AND TOWNS BY THE
LEGISLATURE.

The legislature have constitutional power to change the boundary lines of counties,
for all purposes for which counties are established, except that of constituting sen-
atorial districts.

The legislature have constitutional power to change the boundary lines of towns, for
all purposes other than those incident to the election of senators and representa-
tives; but, in changing the boundary lines of towns, by annexing a part of one town
to another, or by constituting a new town from one or more existing towns, the
legislature may reserve and secure to the inhabitants residing on such portion or
portions, a right to vote in the election of representatives, with the town or towns
from which such portions are taken, until the expiration of the next preceding
apportionment of representatives.

"THE undersigned, justices of the supreme judicial court,
having considered the several questions proposed to them by
the senate, conformably to their request, thereupon respectfully
submit the following opinion:—

These questions are stated as follows:

'1. Has the legislature constitutional power to change the
boundary lines of the counties, as now established in this
commonwealth?

2. Has the legislature constitutional power to change the
boundary lines of towns, when by so doing, they must change
the lines of counties, which are established as permanent sen-
atorial districts?

3. Does the territory of each town in the commonwealth,
as existing at the time of the last apportionment of represent-
atives by the governor and council, constitute, until the next
apportionment, a permanent representative district; or has the
legislature power to annex a portion of one town to another,
so that the inhabitants residing on such portion shall have a
right to vote, in the election of representatives to the general
court, with the inhabitants of the town to which such portion
is annexed?'

Before proceeding to a direct answer, the undersigned beg

leave to refer to an opinion submitted to the legislature, March 29, 1839, which appears to us to have a strong bearing upon some of the subjects embraced in the foregoing questions. Two only of the present justices joined in the expression of that opinion, the other three having been since appointed; but all the undersigned, having now examined that opinion, see no reason to alter or change it, but on the contrary concur in and confirm the same, so far as it applies to the questions now presented.

In answer to the first question, we are of opinion, that the legislature have full constitutional power to change the boundary lines of counties, as now established, by transferring one entire town from one county to another, or by erecting a new county, by setting off any number of entire towns, from one, or from several counties, and forming them into a new county, for all purposes of civil and criminal jurisdiction of courts, and for all other purposes, for which counties are by law established in this commonwealth, except that of constituting senatorial districts, as hereinafter explained. We have confined this answer to the case of transferring an entire town, because we suppose this fully answers the question intended to be put by the senate. The difficulties both as to the jurisdiction of courts, and the rights, duties and obligations of individuals, as inhabitants of a county, which would arise from an attempt to include part of a town in one county and part in another, for general county purposes, would be so great and so obvious, that we have supposed it was not contemplated by the senate, and therefore we have not thought it necessary to form or express any opinion upon this question.

2. In answer to the second question, the undersigned are of opinion, that the legislature have constitutional power to change the boundary lines of towns, when, in their judgment, the public good requires it, for all purposes, other than those incident to the election of senators and representatives in the general court, although by so doing they must change the lines of counties. To prevent any misconstruction of this opinion, it will be necessary to state the grounds of it somewhat at large.

The legislature have full power under their general authority to pass all useful and wholesome laws, to change the boundaries of towns, to any extent, where it is not limited and restrained by constitutional provisions. By an amendment of the constitution, set forth in a resolve of 10th March, 1840 c. 16, adopted by vote of the people, and declared by the proclamation of the governor, issued 17th April, 1840, to be in force as a part of the constitution of the commonwealth, from and after that date, it is declared, as follows: ' The several senatorial districts now existing shall be permanent. ' In order to perceive the full effect of this constitutional provision, it is necessary to look at the law as it then stood, in order to ascertain the force and effect of the words ' now existing.' Prior to this amendment, the limits of senatorial districts, and the apportionment of senators amongst them, were fixed by law. By the Rev. Stats. c. 5, § 2, the several counties were made senatorial districts, except that Nantucket and Dukes counties were united to form one district. This law was in force when the amendment was adopted, and the effect of the amendment was, to make the counties, with their then actual limits, permanent senatorial districts. That which is made permanent by the constitution cannot be changed by law. But it is not incident to the appropriate character of a county, to choose senators; but the territory of counties seems to have been an easy, convenient, and well marked designation of the limits to constitute the lines of senatorial districts, and for that reason was adopted. Counties then became senatorial districts, not because there is any necessary or legal identity or coincidence between counties and senatorial districts, but because the territories composing counties, on the 17th of April, 1840, were, by force of the constitutional amendment, made permanent senatorial districts.

But in exercising this power, it will be necessary for the legislature carefully to provide, that in changing the line of the county such change, whilst it shall effectually set off the territory from one county and annex it to the other, so far as it concerns the jurisdiction of courts, and for all proper county

purposes, shall not alter the relations of the inhabitants of such territory, as members of the senatorial district to which they belong; but on the contrary, to provide, that for the purpose of voting for senators, all the persons residing, or who may come to reside, on the territory thus transferred, shall be taken and deemed to be inhabitants of the town from which such territory was set off, and shall have a right to vote for senators therein, in the same manner, as if such territory had not been set off.

Such a change of county lines, without a change of the limits of senatorial districts, whilst these must be permanent and unchangeable, until the constitution in this respect shall be altered, would be manifestly attended with great inconvenience, so great indeed, that the legislature would not probably adopt it, except upon urgent considerations of public expediency; but these inconveniences and difficulties do not appear to us, to amount to a legal prohibition to the exercise of this power by the legislature, should any public exigency require it. We have, therefore, felt bound to answer the question proposed, affirmatively, that in our opinion, the legislature have the constitutional power to change the lines of towns lying in different counties, although they thereby change the lines of counties, provided it is done under such restrictions and limitations, that it shall not change the senatorial districts, designated by county lines, as they stood and were established in April, 1840, and made permanent by the amendment then adopted, nor essentially interfere with the rights of all persons within such districts, to vote in the election of senators.

3. The third question, we think, is substantially answered, by the opinion hereinbefore referred to, given in March, 1839, and by the considerations expressed in the answer to the next preceding question. The amendment of the constitution, adopted in 1840, provides for the apportionment of representatives amongst the several towns of the commonwealth, adopting with some alterations the principles of an earlier amendment, upon which the opinion before referred to was

founded. The apportionment is to be made upon the numbers of inhabitants, and not of ratable polls. It provides for a decennial census of the inhabitants; and thereupon an apportionment is to be made, by the governor and council, for the term of ten years; and any town, having less than 1200 inhabitants, shall have a representative a certain number of years, within each term of ten years, giving them the right to send a representative, in such years of the ten, within the number apportioned to them, as they shall by vote determine. The third question depends upon the true construction of this article of amendment, and in answer thereto we say, that in our opinion, the territory of each town in the commonwealth, as existing at the time of the next preceding apportionment of representatives by the governor and council, does constitute a fixed representative district, to remain so fixed until the next apportionment. We think it follows, as a necessary consequence, that the legislature have not the power to annex a portion of one town to another, so that the inhabitants residing on such portion shall have a right to vote, in the election of representatives, with the inhabitants of the town, to which such portion is annexed;—but that it is within the constitutional power of the legislature, so to annex one portion of a town to another, reserving and securing to the inhabitants, residing on such portion, the right to vote in the election of representatives in the general court with the inhabitants of the town from which such portion has been set off, until the expiration of the remainder of said term of ten years, when another apportionment is directed to be made.

LEMUEL SHAW,
CHARLES A. DEWEY,
THERON METCALF,
RICHARD FLETCHER,
GEO. T. BIGELOW.

*Boston, March 28th, 1851.*"